UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
NEW YORK CITY AND LONG ISLAND
JOINT APPRENTICESHIP AND TRAINING
FUND, INTERNATIONAL MASONRY
INSTITUTE, and SANTO LANZAFAME, in
his fiduciary capacity as
Administrator, BRICKLAYERS LOCAL
1, INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS COMMITTEE,

                Plaintiffs,

    - against -

CSI CONSTRUCTION,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

COMPLAINT

09 1689

SIFTON J

POHORELSKY, M.J.

      Plaintiffs, by their attorneys, Vladeck, Waldman, Elias & Engelhard, P.C., complaining of the defendants, allege as follows:

### JURISDICTION AND VENUE

      1.  This is an action brought by various employee benefit funds to enforce the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended

259030 v1

("ERISA"), 29 U.S.C. §1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), jurisdiction is therefore conferred to this Court. As to Bricklayers Local 1, BAC, jurisdiction is conferred under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

2. The funds are administered in the Eastern District of New York. Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(c)(2).

## PARTIES

3. Plaintiffs, Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension Fund, New York City and Long Island Joint Apprenticeship And Training Fund, and the International Masonry Institute, collectively, the "Funds," are each an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf, and for the benefit, of the beneficiaries of the Funds.

4. Local 1 is a labor organization within the meaning of Section 301 of the LMRA.

259030 v1

5. The Labor Management Relations Committee is established and maintained under Section 302(c)(a) of the LMRA.

6. Defendant JK Merillin Builders, Inc. is, and at all times hereinafter mentioned was, an employer maintaining offices and conducting business in the State of New York.

7. As parties to a series of collective bargaining agreements, defendant has agreed to make contributions, based upon hours worked, to the Funds, Local 1, and the LMRC on behalf of covered employees of defendant.

<u>ERISA COUNT</u>

8. Plaintiffs reallege paragraphs #1 through #7 as if fully set forth herein.

9. Delinquent contributions are owed to the Funds from defendant in the estimated amount of $24,230 for the period September 1, 2008 through December 31, 2008.

10. Under the Agreement, liquidated damages of 20%, are owed on the unpaid contributions described above in paragraph #9.

11. Under the Agreement, interest at the rate of 10% per annum, is also due on the unpaid contributions described above in paragraph #9.

<u>LMRA COUNT</u>

12. Plaintiffs reallege paragraphs #1 through #11 as if fully set forth herein.

259168 v1

13. Unpaid dues and contributions are due plaintiffs Local 1 and LMRC in the estimated amount of $2,462 for the period September 1, 2008 through December 31, 2008.

14. Interest of 10% per annum is due under New York law on the unpaid dues and contributions described above in paragraph #13.

15. Pursuant to the terms and conditions of the Agreement, defendant is required, inter alia, to file certain employer contribution reports with plaintiff FUNDS, and is further required to permit and cooperate with plaintiff FUNDS in the conduct of audits of defendant's books and records including, but not limited to, payroll, payroll ledgers, computer payroll printouts, W-2 forms, quarterly federal payroll tax returns (forms WRS-2 and WRS-30), annual federal tax returns, cash disbursements journals, purchase journals, 1099 forms, New York and New Jersey employment records, insurance company reports, supporting checks, ledgers, vouchers and any and all other items concerning payroll (including any certified payrolls of defendant JK Merillin Builders, Inc. and of any sub-contractors retained by defendant JK Merillin Builders, Inc. submitted to the New York City School Construction Authority ("SCA"), and copies of all contracts between defendant JK Merillin Builders, Inc. and any sub-contractors retained to perform work on SCA projects), for the purpose of ascertaining

259168 v1

the amount of fringe benefits contributions owed to the Funds, contributions owed to the LMRC, and dues owed to Local 1 from defendant, and of verifying the accuracy of the employer contribution reports, if filed.

16. Accordingly, pursuant to the terms and conditions of the Agreement, plaintiffs demand an order requiring defendant to permit and to cooperate with plaintiffs in the conduct of an audit of defendant's books and records for the payroll periods of weeks beginning when defendant signed the Agreement through the present.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

1. a. For unpaid contributions owed to the plaintiff Funds, in the estimated amount of $24,230 (ERISA Section 502(g)(2)(A));

b. For interest assessed on unpaid contributions, at the rate of 10% per annum, in an amount to be determined (ERISA Section 502(g)(2)(B));

c. For liquidated damages assessed on unpaid contributions owed to plaintiff Benefit Funds in the amount of 20% of the total contributions (ERISA Section 502(g)(2)(C)(ii));

d. For the costs of filing this action in the amount of $350 (ERISA Section 502(g)(2)(D));

259168 v1

   e. For unpaid contributions and dues owed plaintiffs Local 1 and LMRC in the estimated amount of $1,972.27.

   f. For interest assessed on delinquent contributions and dues owed Local 1 and the LMRC, at the rate of 10$ per annum, in an amount to be determined.

  2. In the amount of One Thousand ($1,000.00) Dollars, and such additional amounts as may be incurred, representing attorneys' fees and costs of this action (ERISA Section 502(g)(2(D)).

  3. That defendant be directed to permit and cooperate in the conduct of an audit of its books and records for the payroll periods beginning with the signing of the Agreement through the present.

  4. That defendant be directed to comply with its obligations to report and to contribute to the plaintiffs all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

  5. Such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting

statutory damages thereon under ERISA.

Dated: New York, New York
April 23, 2009

                                                  VLADECK, WALDMAN, ELIAS
                                                  & ENGELHARD, P.C.

By: *[signature]*
              James Wasserman (JW-3717)
              Attorneys for Plaintiffs
              1501 Broadway, Suite 800
              New York, New York  10036
              (212) 403-7300

259030 v1